# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROBERT HACKER,**

      **Petitioner,**

v.                                                                     Civil Action No. 3:14cv97
                                                                                **(Judge Groh)**

**WARDEN,**

      **Respondent.**

## ORDER DISMISSING CASE AS PREMATURELY FILED

On August 27, 2014, the Clerk of Court received a letter from the petitioner indicting that he wished to filed a habeas corpus petition. The letter was used to open a habeas action pursuant to 28 U.S.C. § 2254. On that same date the Clerk of Court sent the petitioner a Notice of Deficient Pleading and enclosed this court's § 2254 packet which includes a form petition, an application to proceed without payment of the filing fee, and a Prisoner Trust Account Report. The Notice advised the petitioner that he had twenty-one days in which to either pay the $5 filing fee or submit his application to proceed *in forma pauperis*. In addition, the Notice advised the petitioner that he must also complete and file the form petition within twenty-one days. On September 25, 2014, Magistrate Judge Kaull reviewed the file and determined that the petitioner had failed to comply with any portion of the Notice of Deficient Pleading. Accordingly, he entered an Order directing the petitioner to show cause within fourteen days why this case should not be dismissed for failure to prosecute. On September 30, 2014, the petitioner filed a response to the show cause order. Significantly, the petitioner noted that he had been unaware that he had to file an Appeal with the West Virginia Supreme Court before proceeding before this Court.

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. See 28 U.S.C. §2254(b). Therefore, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). Concerns of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. See Duncan v. Henry, 513 U.S. 364, 365 (1995); see also Footman v. Singletary, 978 F.2d 1207, 1210-11 (11th Cir. 1992) (comity requires that the State be given the first opportunity to address and resolve the merits of an inmate's claims). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. at 32; see also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993). A federal court may only consider those issues the petitioner presented to the

state court,[1] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Here, the petitioner was convicted in Gilmer County on July 30, 2014, a mere twenty-seven days before the instant action was opened. Not only has the petitioner acknowledged that he did not know he needed to appeal to the West Virginia Supreme Court before seeking relief from this Court, it is clear that he could not have exhausted his state remedies in the short time that has passed since his conviction.

For the foregoing reasons, it is hereby **ORDERED** that this matter be **DISMISSED WITHOUT PREJUDICE** to the petitioner's right to renew the same following the proper exhaustion of state remedies.

The Clerk is directed to send a copy of this Order to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: October 2, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE

---

[1] Picard v. Connor, 404 U.S. 270 (1971).